NORMAN, Respondent, v. CUMMINGS, Defendant, and
EASTERN CLAY PRODUCTS, INC., Appellant
CROUSE, Respondent, v. CUMMINGS, Defendant, and
EASTERN CLAY PRODUCTS, INC., Appellant

(45 N. W.2d 839)

(Files Nos. 9109, 9110. Opinion filed February 2, 1951)

Rehearing denied March 28, 1951

**Bellamy, Eastman & Christol,** and **Bangs & McCullen** and **Robert W. Gunderson,** all of Rapid City, for Appellant, Eastern Clay Products, Inc.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, and **John T. McIntyre,** Casper, Wyo., for Respondents, Robert T. Norman and Clayton Crouse.

SICKEL, J.   One of these actions was brought by Robert T. Norman as plaintiff and the other by Clayton Crouse as plaintiff.   Walter Cummings and Eastern Clay Products, Incorporated, are defendants in both cases.

On the morning of October 15, 1947, defendant Cummings was driving a light truck westward out of Belle Fourche on United States Highway Number 212, carrying eleven men, including himself, all employees of the Vinnell Company, Inc., to work in the construction of a bentonite processing plant twenty-one miles west of Belle Fourche in Wyoming.   At a point about two and one-half miles west of Belle Fourche the driver lost control of the truck which thereupon skidded, and then upset in the ditch by the side of the road. Plaintiffs were injured in the upset and brought

these actions to recover their damages. The trial resulted in verdicts for plaintiff Norman for $20,000 and for plaintiff Crouse for $10,000 against both defendants. The defendant Eastern Clay Products appealed in both cases.

The complaints allege negligence on the part of both Cummings and Eastern Clay Products, defendants. It is alleged by the plaintiffs that defendant Cummings carelessly and negligently drove and operated said motor vehicle "at a speed that was greater than was reasonable and prudent, and without having due regard to the traffic, surface and width of the highway, and of other conditions then existing, and at such a speed as to endanger the life, limb and property of the plaintiff. Also, in that said Defendant at said time and place carelessly and negligently failed to maintain a proper look-out or exercise reasonable vigilance, and carelessly and negilgently lost control of said motor vehicle and allowed said motor vehicle to leave said highway and to crash into the ditch on the south side thereof". The jury by its verdict found that the defendant Cummings was negligent and that his negligence was a proximate cause of the injuries suffered by plaintiffs. No appeal was taken by Cummings. The complaints also allege that for several weeks prior to October 15, 1947, said defendant Eastern Clay Products, Incorporated, had used said highway for the purpose of transporting raw bentonite from its pits and mines in Wyoming to its processing plant near the place where the accident occurred on United States Highway Number 212, and "carelessly and negligently allowed some of said Bentonite to be spilled and scattered upon said highway and said Corporation had carelessly and negligently failed to remove said Bentonite from the surface of said highway", knowing that bentonite becomes very slippery when wet, and thereby caused a condition highly dangerous to motorists; that the said defendant failed to erect any signs warning travelers of such condition. It is plaintiffs' contention that this alleged negligence of Eastern Clay Products was concurrent with the negligence of Cummings and that both are jointly liable for plaintiffs' injuries.

United States Highway 212 runs in a northwesterly direction from Belle Fourche to the South Dakota-Wyoming

line, a distance of about seventeen miles, and then continues in the same direction another four miles to a place where the Vinnell Company was engaged in constructing a bentonite processing plant for The National Lead Company. Plaintiffs were both employees of the Vinnell Company engaged in the work of construction. They lived in Belle Fourche, and were transported to work each morning and back each evening in a pickup truck. Eastern Clay Products, Inc., owned bentonite mines four miles off the highway from the site were the processing plants were being constructed in Wyoming. That company also maintained a bentonite stock-pile two and one-half miles northwest of Belle Fourche and one hundred yards south of United States Highway 212. Bentonite was loaded in trucks at the Wyoming mine, transported on a dirt road four miles to the highway, and then over the highway to the stock-pile. On October 15, 1947, at about seven o'clock A.M. the pickup truck left Belle Fourche as usual. Defendant Cummings was the driver and two other workmen rode in the cab with him. Plaintiffs Norman and Crouse and six other employees rode on the benches in the rear of the truck, four on each side facing each other. There was a rain or heavy mist that morning and visibility was estimated at one and one-half to three miles. When the truck passed the intersection of the highway with the sales pavilion road, Tremelling, one of the employees riding in the front seat, said to the driver, "She is slick. We had better slow up" and the driver did. Cummings continued traveling at the rate of forty to forty-five miles per hour. The slipperiness of the highway kept getting worse as the truck proceeded westward and the car started skidding at a point about two hundred yards beyond the driveway leading to the sales pavilion and the stock-pile. The truck continued to sway for a distance of three hundred to four hundred feet further when it started turning and skidding in the road. This turning and skidding continued until the pickup turned over into the south ditch of the highway. The car came to rest at a point a quarter of a mile west of the driveway.

SDC 28.0912 provides that it shall be unlawful for any person "to injure such highway in any manner".

Under SDC 28.9909 it is unlawful to place any obstruction upon any highway. These statutes do not abrogate the common right of the public, granted by law, to make reasonable use of the highways for usual and ordinary transportation. 40 C.J.S., Highways, § 233. If as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes the duty of the duly authorized public authorities to provide the remedy, but no liability attaches to the user as a result of such use, either to the public highway authorities for damages to the highway (40 C.J.S., Highways, § 233; 29 C.J., Highways, § 410; Winston & Co. v. Clark County, 178 Ky. 447, 199 S.W. 51; Sumner County v. Interurban Transp. Co., 141 Tenn. 493, 213 S.W. 412, 5 A.L.R. 765) or to other travelers on the ground of negligence. Solberg v. Schlosser, 20 N.D. 307, 127 N.W. 91, 30 L.R.A., N.S., 1111.

■■ However, it is the duty of every traveler to avoid any unusual or unreasonable use of the highway and by such use obstruct the highway or make it dangerous for travel, and damages resulting from failure to perform that duty may be recovered by any person who sustains injuries therefrom. Solberg v. Schlosser, supra. No injury to the highway was shown in this case. It appears from the evidence that travel proceeded normally upon the highway all during the day of October 15th, except for speed, without any known mishap except the one involved in these two actions. It cannot be said therefore that the highway was in any way obstructed.

■■ One question here presented is whether the use made of the highway by Eastern Clay Products was usual, ordinary and reasonable, or whether there is substantial evidence to justify a jury in finding that appellant's use of the highway in the transportation of bentonite was unusual and unreasonable, and therefore negligent. We assume, without deciding, that plaintiffs' evidence is sufficient to show negligence in the use of the highway by appellant, and that the hazards of travel upon the highway were increased by the presence of bentonite, but this fact was a mere circumstance of the accident, and was known to Cum-

mings. It did nothing more than furnish a condition by which the subsequent independent act of Cummings produced the injury. The existence of such a condition was not the proximate cause of the injury to plaintiffs. Bruening v. Miller, 57 S.D. 58, 230 N.W. 754; Christensen v. Krueger, 66 S.D. 66, 278 N.W. 171; Wallace v. Brende, 67 S.D. 326, 292 N.W. 870; Hubbard v. Murray, 173 Va. 448, 3 S.E.2d 397, 401. The highway was wet and slippery when the truck left Belle Fourche. The driver's attention was called to this fact by Tremelling riding with him in the cab. The road signs three feet square at the shoulders of the highway grade, printed in letters large and plain enough for anyone to see, read "Caution slippery when wet". Cummings had been driving the highway twice a day for weeks, and these signs could not reasonably have escaped his attention. Since these signs were adequate it is immaterial who placed them there, and additional signs would have served no purpose.

We conclude that the evidence is insufficient to justify the verdict in both cases and the judgments are therefore reversed.