SYRES, Appellants v. EASTERN CLAY PRODUCTS, INC., Respondent
(Three Cases)

(59 N. W.2d 248)

(File Nos. 9315, 9319, 9320. Opinion filed June 11, 1953)

**Stephens & Brandenburg,** Belle Fourche, **Scotty Gladstone,** Sundance, Wyo., for Plaintiffs and Appellants.

**Bellamy, Eastman & Christol, Bangs & McCullen,** Rapid City, for Defendant and Respondent.

SICKEL, J.   One of these actions was brought by Frank Syres, another by Etta E. Syres, his wife, and the third by Earl Syres, his son.   Eastern Clay Products, a corporation, is defendant in all three cases.

On the evening of August 1st, 1948, Frank Syres, plaintiff, was driving a new Frazer passenger automobile southeastward on U. S. Highway No. 212, toward Belle Fourche. The other plaintiffs were passengers riding in the front seat beside the driver.   The highway was wet with rain and the car skidded, left the highway, upset, and came to a stop in the ditch on the south side of the road.   Plaintiffs were severely injured by the shock and brought these actions to recover their damages.   The trial resulted in directed verdicts for defendant and judgments for defendant were entered on the verdicts.   Plaintiffs appealed.

The scene of this accident was approximately the same as in the case of Norman v. Cummings, 73 S.D. 559, 45 N.W.2d 839. Eastern Clay Products was also the defendant in that action. The allegations of plaintiffs' complaints as to negligence appear to be substantially the same as in the Cummings case, supra.   It was held in the Cummings case that defendant had the right at common law to make reasonable use of the highway for usual and ordinary transportation, and that such use does not constitute negligence.   It was incumbent upon the plaintiffs in these cases to establish by a preponderance of the evidence that the use of the highway by

defendant was unusual and unreasonable; that the highway thereby became dangerous for travel; that the condition of the highway was the proximate cause of the injuries to plaintiffs. Certainly the transportation of bentonite by truck on a public highway is not unusual and unreasonable. Plaintiffs do not dispute this, but contend that in the course of transporation defendant permitted bentonite to fall from its trucks and upon the highway at the place where the accident occurred and that thereafter the rain fell and caused the bentonite to become slippery. It is plaintiffs' contention that this constituted actionable negligence.

The evidence shows that defendant's trucks were loaded at the pits in Wyoming; that they traveled over a rough dirt road for a distance of about 4 miles before reaching the highway. The trucks traveled upon the highway a distance of 14 miles before reaching the side road leading to defendant's stock pile. In view of these circumstances and the special precautions taken by defendant to prevent the spillage of bentonite upon the highway, it is inconceivable that any unusual or unreasonable quantities of bentonite were permitted to fall from the loaded trucks upon the highway.

Plaintiffs introduced testimony to show that bentonite was carried to the highway and dropped there by the trucks after unloading at the stock pile. It also appears from the evidence that after unloading and before leaving the plant the haulers were required to drive around between the scales and the highway to clear the dual wheels of bentonite. Evidence of some spillage of bentonite upon the highway by defendant's trucks, in undetermined quantities, at unspecified times, does not establish the presence of bentonite upon the highway in unusual and unreasonable quantities at the time of the accident.

On the issue as to the condition of the highway Frank Syres, plaintiff and driver of the car in which the plaintiffs were riding, testified that he knew what bentonite was and had heard of it being found along this highway before 1948; that he had seen it in pits; had looked for and found it in other places before 1948; that the morning of August 1st, 1948 was a pretty nice morning, a little cloudy,

and the visibility was good; that he noticed no bentonite, no lumps or other foreign substance upon the highway that morning; that he could see no bentonite on this highway as he was driving back to Belle Fourche on the evening of the accident; that after the accident he returned to the highway and to the place where the car left the road and saw bentonite on the highway, not in lumps, but a light colored stuff dissolved in rain water on the surface, covering the entire area to the west of the place where he stood. Earl Syres testified that he noticed no lumps or clods of anything on the highway from the time they left Belle Fourche until they reached the Wyoming line, and that he did not recall seeing any such substance on the highway on the return trip. Viewed in the light most favorable to plaintiffs this evidence merely shows a condition that might have been reasonably expected as a result of the ordinary use of the highway for transportation of bentonite by truck.

The other assignments of error have been examined. In view of the insufficiency of the evidence to show unreasonable use of the highway by defendant the rulings referred to in those assignments are not prejudicial.

The circuit court was justified in directing the verdicts for defendant in all three cases and the judgments are affirmed.

All the Judges concur.