473 F.2d 717
 John L. KRALL, Administrator of the Estate of Leo Frank,
Ludvicek, Deceased, Appellee, Barbara Ludvicek,
Cross-Appellant, Galen Ludvicek, by his
next friend and best friend
Barbara Ludvicek, Appellee,
v.
CROUCH BROTHERS, INC., Appellant and Cross-Appellee.
 Nos. 72-1211, 72-1196.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1972.
Decided Feb. 1, 1973.
 
 Lawrence F. Scalise, Des Moines, Iowa, for Krall and others.
 Ross H. Sidney, Des Moines, Iowa, for Crouch Bros., Inc.
 Before HEANEY, BRIGHT and STEPHENSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a diversity case. The appeal by defendant Crouch Brothers, Inc. claims excessive damages were awarded to each and all of the plaintiffs by the jury. The cross-appeal by plaintiff Barbara Ludvicek, individually, and as next friend of Galen Ludvicek (minor son) contends that defendant's appeal, after plaintiffs accepted the remittiturs ordered by the trial court, reinstated the original jury verdicts under applicable Iowa law. The issues will be discussed seriatim.
 
 
 2
 The death and injury claims giving rise to this litigation arose out of a vehicular collision which occurred April 22, 1969 on Interstate 80 in Powesheik County, Iowa. Plaintiff's decedent, Leo Frank Ludvicek was driving a 1964 Chevrolet pickup truck at the time of the collision. Riding with him was his wife, Barbara and their son Galen. He was pulling a horse trailer in which were located two horses. Defendant's tractor-trailer unit approached from the rear just before the collision. As a result of the collision Leo Ludvicek, age 48, died almost instantly. His wife Barbara, then, 48, and son Galen, 11, sustained injuries.
 
 
 3
 The jury returned verdicts as follows: Leo Ludvicek Estate $200,000.00; Barbara Ludvicek $135,000.00 and Galen Ludvicek $5,094.00. The trial court after hearing defendant's motion for a new trial, denied the motion with respect to the Estate of Leo Ludvicek, ordered a remittitur of all sums over $70,000.00 in the case of Barbara Ludvicek and a remittitur of all sums over $2,594.35 in the case of Galen Ludvicek, or in the alternative a new trial would be granted with respect to the latter two claims.[1] Thereafter plaintiffs, Barbara Ludvicek and Galen filed a consent to the remittitur.
 
 
 4
 Defendant claims on this appeal that the verdicts of the jury on the issue of damages for the three plaintiffs were ". . . flagrantly excessive, so out of reason as to shock the conscience or sense of justice, resulted from passion, prejudice and the verdicts are a plain injustice [and] . . . are not sustained by sufficient competent evidence in the record;" the verdicts awarded Barbara Ludvicek and Galen Ludvicek were so manifestly without support that the trial court abused its discretion in not setting aside the verdicts and ordering a new trial; the verdict awarded the estate of Leo Frank Ludvicek was not based upon competent evidence and was not supported by the record and therefore the trial court should have ordered a new trial or directed a remittitur.
 
 
 5
 We adhere to the standard of review in this Circuit expressed in Solomon Dehydrating Co. v. Guyton, 294 F.2d 439, 447-448 (C.A.8 1961), cert. denied 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192, that excessiveness of a verdict is basically a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of the witness and which knows the community and its standards; and that we would continue to review cases of excessive verdicts, "not routinely and in every case, but only in those rare situations where we are pressed to conclude that there is 'plain injustice' or 'monstrous' or 'shocking' result." Scoville v. Missouri Pacific Railroad Company, 458 F.2d 639, 647 (C.A.8 1972); O'Brien v. Stover, 443 F.2d 1013, 1019 (C.A.8 1971); Perry v. Bertsch, 441 F.2d 939, 943 (C.A.8 1971).
 
 
 6
 We have reviewed the record and although the existing verdicts appear quite generous, we are not prepared to say they are legally excessive. Little purpose would be served in detailing the various facts in the record which tend to support or negate the size of each verdict. Suffice to say we are not convinced the result is "shocking" or "plain injustice." We recognize that this tragic accident left emotional scars that surfaced during the trial. The responsibility for weighing the many factors involved in determining whether the verdicts were excessive is best placed with the trial court. After reviewing this record we decline to interfere with the trial court's action.
 
 
 7
 Defendant further urges that the trial court erred in admitting improper evidence over objections and, in particular the testimony of Professor Marberry with respect to the alleged earning capacity of the decedent, Leo Ludvicek. Defendant complains that Marberry's estimates as to future earnings were speculative and not based on competent evidence in the record and that the Court's instructions with respect to expert testimony and hypothetical questions could not cure the error made by the Court in admitting such incompetent and speculative testimony and exhibits presented in connection therewith. The weight to be given these matters was for the jury. The trial court's ruling on the admissibility of this evidence will not be disturbed absent an abuse of discretion. Gray v. General Motors Corporation, 434 F.2d 110, 113-114 (C.A.8 1970). We find no abuse of discretion in this regard.
 
 
 8
 Finally, defendant argues that the trial court's order of remittitur of approximately 50% of the jury's verdicts for Barbara and Galen Ludvicek upon the grounds that the verdicts were not supported by the evidence and were excessive demonstrates that the Court must have concluded a large part of the excessive verdicts resulted from undue sympathy and therefore defendant's motion for a new trial should have been sustained. As already indicated, we do not find that the trial court abused its discretion in making the determinations which it did.
 
 Cross-Appeal
 
 9
 Plaintiffs in their cross-appeal urge that since they filed consents to the remittiturs ordered by the trial court but the defendant appealed therefrom, the original jury verdicts in favor of plaintiffs should be reinstated. Under Iowa Rule of Civil Procedure 250, affirmance of the trial court judgment on defendant's appeal results in the reinstatement of the original jury verdict unless the Iowa Supreme Court exercises its inherent right to order a remittitur. Ives v. Swift and Company, 183 N.W.2d 172, 178 (Iowa 1971); Castner v. Wright, 256 Iowa 638, 127 N.W.2d 583, 128 N.W.2d 885 (Iowa 1964). We have already indicated in this opinion that we continue to adhere to the standard of review set out in Solomon, 294 F.2d at 447-448 in considering the inadequacy or excessiveness of a verdict. Under this standard we decline to interfere with the trial court's action in denying a new trial and in ordering the remittiturs indicated.
 
 
 10
 The trial court is affirmed in all respects.
 
 
 11
 The plaintiffs and defendant will share the costs of this appeal.
 
 
 
 [1]
 On the grounds that the verdict was not supported by the evidence and was excessive under the record