Constance **SNODGRASS**, as Special Administratrix of the Estate of Michael P. Snodgrass, Deceased, Appellee,

v.

Wayne Lee **NELSON** et al.,
Appellants.

No. 74–1138.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1974.

Decided Sept. 27, 1974.

Richard H. Battey, Redfield, S. D., for appellants.

Stanley E. Siegel, Aberdeen, S. D., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Constance Snodgrass, as Special Administratrix of the Estate of Michael P. Snodgrass, deceased, filed this suit to recover damages for the wrongful death of Michael P. Snodgrass, caused by fatal injuries he sustained in a multiple motor vehicle collision which occurred on a highway in South Dakota on January 24, 1972. The case was tried to the court, a jury having been waived. Judge Bogue found plaintiff was entitled to recover against defendant Wayne Lee Nelson, and rendered a judgment against Nelson for $150,000, plus interest and costs. All other parties were exonerated. Judge Bogue's opinion constituting his findings of fact and conclusions of law is reported at 369 F.Supp. 1206 (D.S.D. 1974). Nelson has appealed and submits three issues for our consideration.

1. The evidence established as a matter of law that the contributory negligence of Constance Snodgrass, the driver of the Snodgrass automobile, and her husband, Michael P. Snodgrass, was more than slight, and consequently plaintiff was precluded from recovering under South Dakota law.

2. The evidence established as a matter of law that plaintiff and the de-ceased assumed the risk of injury and plaintiff is therefore precluded from recovering.

3. The verdict is excessive and is based upon speculative evidence.

■ It is obvious from the contentions of error as well as from the record that this action, like many arising from automobile accidents, presented controverted issues of fact. Thus, the question of whether the judgment is vulnerable to the attacks of appellant must be tested by the clearly erroneous standard embodied in Rule 52(a) Federal Rules of Civil Procedure. Under this rule, our scope of review is circumscribed. The controlling principle is announced in Zenith Corp. v. Hazeltine, 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969):

> In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo*. The authority of an appellate court, when reviewing the findings of a judge as well as those of a jury, is circumscribed by the deference it must give to decisions of the trier of the fact, who is usually in a superior position to appraise and weigh the evidence. The question for the appellate court under Rule 52(a) is not whether it would have made the findings the trial court did, but whether "on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). See also United States v. National Ass'n. of Real Estate Boards, 339 U.S. 485, 495–496, 70 S.Ct. 711, 717, 94 L.Ed. 1007 (1950); Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 289–291, 80 S.Ct. 1190, 1198–1199, 4 L. Ed.2d 1218 (1960).

*Id.* at 123, 89 S.Ct. at 1576. See also Cleo Syrup Co. v. Coca-Cola Co., 139 F.2d 416, 417–418 (8th Cir. 1943), cert. de-

nied, 321 U.S. 781, 64 S.Ct. 638, 88 L.Ed. 1074 (1944).

■ It is also settled that the complaining party has the burden to clearly demonstrate error in the court's findings. This is a strong burden where, as here, the findings are primarily based upon oral testimony and the trial judge has viewed the demeanor and credibility of witnesses. Chalk v. Beto, 429 F.2d 225, 227 (5th Cir. 1970); St. Louis Typographical Union No. 8 v. Herald Company, 402 F.2d 553, 557 (8th Cir. 1968), and cases cited therein.

A careful analysis of all of the evidence accurately marshalled in Judge Bogue's opinion; convinces us that appellant has failed to discharge the burden of demonstrating that the court's findings are clearly erroneous.

■ The appellant has also failed to satisfy us that the amount of the judgment is excessive to the extent that it shocks the judicial conscience requiring reversal. The subject of excessive verdicts has been presented to this and other federal courts in numerous cases. In Solomon Dehydrating Co. v. Guyton, 294 F.2d 439 (8th Cir. 1961), authored by Judge, now Mr. Justice Blackmun, the issue was exhaustively reviewed. In concluding his discussion, Judge Blackmun emphasized again "that in our opinion, inadequacy or excessiveness of a verdict is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of the witnesses and which knows the community and its standards . . . and that we shall continue to consider review, as we have said before, not routinely and in every case, but only in those rare situations where we are pressed to conclude that there is 'plain injustice' or a 'monstrous' or 'shocking' result." 294 F.2d at 447–448.

As late as 1973, we announced adherence to the standard of review expressed in the *Solomon* case. See Krall v. Crouch Brothers, Inc., 473 F.2d 717 (8th Cir. 1973). In this case, the record re-

veals that plaintiff offered evidence which in our judgment was of sufficient probative value to justify Judge Bogue in awarding plaintiff damages in the sum of $150,000. Finding no error, we affirm.