**AUTOMATED CONTROLS, INC., Appellant,**

v.

**MIC ENTERPRISES, INC., Appellee.**

**No. 78–1691.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1979.

Decided June 7, 1979.

---

John J. Battershell and Stanley C. Goodwin, Cunningham Law Firm, McCook, Neb., on brief, for appellant.

Ronald D. Mousel, McCook, Neb., and G. Peter Burger, Fairbury, Neb., on brief, for appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* Chief Judge.

PER CURIAM.

In this diversity action Automated Controls, Inc., a Colorado corporation (hereinafter ACI), sued MIC Enterprises, Inc., a Nebraska corporation (hereinafter MIC), for contract damages. ACI had agreed to manufacture and sell to MIC solid state electronic control systems for use on center pivot irrigation machinery distributed by MIC under the brand name "Blu-Max." ACI alleged in its complaint that, after it had manufactured and delivered a portion of the control boxes ordered, MIC wrongfully repudiated the contract, thereby causing ACI to sustain considerable damages. MIC filed an answer setting forth several defenses and also filed a counterclaim for damages based upon alleged breach of express and implied warranties by ACI.

After a bench trial, judgment was entered by the district court[1] against ACI on its complaint and in favor of MIC on its counterclaim. The district court awarded $12,359.96 to MIC as a refund of payment advanced to ACI under the contract. For reversal ACI argues the district court erred in finding that ACI had breached any express or implied warranties, that MIC had the right to revoke its acceptance of the goods and that MIC could cancel the remainder of the installment contract.

We note that ACI's arguments on appeal are largely based upon the sufficiency of the evidence. We will not set aside the findings of the district court unless they are "clearly erroneous" and unsupported by substantial evidence or, if supported by substantial evidence, we are satisfied that a mistake has been made. *Fed.Rules Civ. Proc.* 52(a); *e. g., Merrill Lynch, Pierce, Fenner & Smith v. Goldman*, 593 F.2d 129, 131 (8th Cir. 1979). This is particularly true in cases which are based upon oral testimony.

Due to the evidentiary nature of ACI's contentions, the district court necessarily considered them in preparing its findings of fact and conclusions of law. The district court determined that ACI had breached express and implied warranties. The district court found that the prototype control boxes failed to meet the specifications of the National Electrical Code and completely failed to function as designed, despite repeated modifications, during several field tests. The district court further found that the parties' agreement was an installment contract and that MIC had a right to cancel future installments because the defects in the installments already delivered and accepted had substantially impaired the value of the whole contract.

After a careful review of the record, we are unable to say that the findings of the district court were clearly erroneous. We can see no value in restating further the findings of fact and conclusions of law contained in the well-reasoned but unpublished memorandum opinion[2] of the district court.

Accordingly, the judgment of the district court is affirmed.

---

* The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

1. The Honorable Robert V. Denney, United States District Judge for the District of Nebraska.

2. *Automated Controls, Inc. v. MIC Enterprises, Inc.*, Civ. No. 76–O–389 (D.Neb. July 31, 1978).