**SAM MILLER BAG COMPANY,**
Appellant,

v.

**BURLINGTON NORTHERN,**
**INC., Appellee.**

No. 80–1571.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 20, 1981.

Decided March 3, 1981.

John D. Boelter, St. Paul, Minn., for appellee Burlington Northern, Inc.

Maslon, Edelman, Borman, Brand & McNulty, Marcy S. Wallace and Thomas H. Borman, Minneapolis, Minn., for appellant.

Before ROSS, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Sam Miller Bag Company brought suit against Burlington Northern, Inc. under the Interstate Commerce Act to recover the value of four cut, fold and print presses which were damaged during interstate shipment. Purchase price of the presses was $3,000. Sam Miller Bag contended at trial that the purchase price was the result of a distress sale and that the actual value of the presses at the time they were damaged was $60,000. The district court found in favor of Sam Miller Bag and determined the value of the presses to be $12,000. Sam Miller Bag appeals.

The sole issue on appeal is whether the district court erred in its factual finding of value. Findings of fact by the district court are entitled to great weight

**608**

and must be accepted unless shown to be clearly erroneous. *Werner v. United States Dept. of Interior*, 581 F.2d 168, 171 (8th Cir. 1978). The burden of demonstrating the court's error falls on the complaining party, *Snodgrass v. Nelson*, 503 F.2d 94, 96 (8th Cir. 1974). This burden is especially strong where the district court's findings are primarily based on oral testimony and the trial judge has viewed the demeanor and credibility of the witnesses. *United States v. Dochterman*, 630 F.2d 652, 653 (8th Cir. 1980); *Snodgrass v. Nelson, supra*, 503 F.2d at 96. Sam Miller Bag has not met this burden on appeal. A careful review of the evidence shows substantial testimony in support of the trial court's valuation. We conclude that the district court's findings of fact are not clearly erroneous. Accordingly, the decision of the district court is affirmed. *See* Rule 14 of the Rules of this court.