The WOOSTER REPUBLICAN PRINTING CO., Appellee,

v.

CHANNEL SEVENTEEN, INC., and Tapeswitch Corp. of America, Inc., Appellants, three cases.

Nos. 81–2058, 81–2059 and 82–1367.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1982.

Decided May 25, 1982.

Alex Bartlett, Bartlett, Venters & Pletz, P.C., Jefferson City, Mo., for appellant Channel Seventeen, Inc., in all cases.

R. Lawrence Ward, G. Stephen Long, Shughart, Thomson & Kilroy, A Professional Corp., Kansas City, Mo., for appellee in all cases.

Charles E. Patterson, Paul R. Lamoree, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for appellant, Tapeswitch Corp. of America, Inc., in all cases.

Roger K. Toppins, Jefferson City, Mo., for appellant Channel Seventeen, Inc., in No. 82–1367.

Linda K. Davis, Kansas City, Mo., for appellee in Nos. 81–2058 and 81–2059.

Before McMILLIAN, Circuit Judge, STEPHENSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

The Wooster Republican Printing Company, a closely held family corporation based in Ohio, brought suit for specific performance of an alleged contract for the purchase of substantially all of the assets of Channel Seventeen, Inc., or, in the alternative, for damages for breach of that alleged contract. Channel Seventeen, a closely held Missouri corporation,[1] owns and operates a

---

1. The president and majority shareholder of Channel Seventeen was, at all relevant times, Richard Koenig, who owned 55 per cent. of the outstanding stock. The remaining 45 per cent. was controlled by his brother, Robert Koenig, either as an individual or through his control of

UHF television station in Columbia, Missouri, under the call letters, "KCBJ–TV." Tapeswitch Corporation, also a closely held family corporation, was joined as a party defendant. Both defendants counterclaimed, seeking rescission of the contract and damages on various theories. Tapeswitch also brought a third-party action against the president of Channel Seventeen. The District Court[2] granted Wooster's request for specific performance of the alleged contract on June 4, 1981, issuing a decree of specific performance on September 1, 1981. 533 F.Supp. 601. The Court also granted, however, defendant's motion for a stay pending appeal on the condition that defendants post a substantial bond. On defendant's failure to post either this bond or a reduced bond,[3] the District Court granted Wooster's motion for enforcement of its original decree.

Defendants now appeal the judgment and decree[4] of the District Court and raise the following principal issues:[5] that (1) the District Court erred in specifically enforcing an "unlawful" contract in derogation of minority stockholders' rights under Mo.Rev. Stat. § 351.400; and that (2) the Court's judgment is erroneous because it purports to reform and enforce an agreement impossible of performance.

■ Defendants contend that the contract to sell Channel Seventeen was void because it was not ratified by Tapeswitch's stockholders as required by Mo.Rev.Stat. § 351.400. The District Court held, however, that failure to comply with the technical requirements of the statute was not fatal to the sale of the company's assets as long as the primary purpose of the statute was achieved. Because this is primarily a question of Missouri law, we defer to the views of the District Court. *Jump v. Goldenhersh*, 619 F.2d 11 (8th Cir. 1980). The Court also found that the minority stockholder, in the form of Robert Koenig as president and primary shareholder of Tapeswitch, gave consent to the sale of Channel Seventeen's assets. Based on the evidence in the case, we cannot say that this finding is clearly erroneous.

■ The basis for defendant's contention that the District Court's decision purported to reform an agreement impossible of performance lies in the fact that the site upon which the transmitter tower of KCBJ–TV is located is owned by a third person who was not a party to the action. Sonja Koe-

Tapeswitch Corporation, which defendants claim is the actual owner of the minority interest in Channel Seventeen. Robert Koenig was, from April 1, 1978, to the time of the trial below, Channel Seventeen's vice-president, treasurer, and secretary. Both Koenigs were the exclusive members of the board of directors of Channel Seventeen.

2. The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri.

3. This Court, on motion of Channel Seventeen, ordered that the bond be reduced from its original amount of $4,200,000 to $500,000.

4. Defendants filed petitions for a writ of mandamus or prohibition with this Court, seeking relief from the District Court's order of March 5, 1982, which granted enforcement of its decree of specific performance. We denied the petitions by order of April 15, 1982. *In re Channel Seventeen, Inc.*, No. 82–1336; *In re Tapeswitch Corp. of America, Inc.*, No. 82–1368. The third appeal captioned above, No. 82–1367, also seeks review of the District Court's order of March 5, 1982, and advances many of the same arguments raised by the petitions for extraordinary relief which we

have already denied. We find no abuse of discretion or error of law in the District Court's order of March 5, 1982, and it is affirmed. The District Court may wish to consider whether, in view of our affirmance of its original judgment and decree of specific performance, it is still necessary for a receiver to operate KCBJ–TV. Channel Seventeen and Tapeswitch have also filed, on April 26, 1982, a motion for stay of the District Court's March 5, 1982, order enforcing its decree and appointing a receiver. Since we are today affirming the order, this motion is denied as moot.

5. Channel Seventeen raises additional, but less substantial issues, arguing that Wooster is not entitled to specific performance of the alleged contract because (1) Wooster's course of dealing with Channel Seventeen was unfair and overreaching, (2) the alleged contract was, by its terms, so one-sided that equity should not order its performance, (3) there was mutual mistake as to the remedy available in case of breach, and (4) Wooster did not fulfill the condition precedent of waiting 30 days before filing suit. These arguments are without merit.

nig, the late wife of Robert, was owner of the land until her death, and the property is now part of her estate, which is presently in probate. (Her will leaves the land in question to Robert.) She had leased the site to Channel Seventeen for a period of several years. The District Court found that a new five-year lease had been executed, with an option to purchase the land, as part of the settlement of a dispute between the Koenig brothers over control of Channel Seventeen. Because this land could not be conveyed to Wooster upon closing of the contract, the District Court determined that reformation of the agreement was appropriate along with abatement in the purchase price. The Court further found that Channel Seventeen's leasehold interest in the tower site could be assigned to the plaintiff corporation.

These findings of fact by the District Court were both extensive and detailed and will not be overturned unless clearly erroneous. We are especially reluctant to set aside such findings where, as here, they rest, to a large extent, on the judge's assessment of the credibility of witnesses. *United States v. Dochterman*, 630 F.2d 652, 653 (8th Cir. 1980). The judgment is affirmed substantially for the reasons stated in the District Court's memorandum opinion. See 8th Cir. R. 14.

Let the mandates issue forthwith.