CHRISTENSEN, Appellant, v. KRUEGER, Respondent.

(278 N. W. 171.)

(File No. 8099. Opinion filed March 7, 1938.)

B. O. *Stordahl*, of Sioux Falls, for Appellant.

*Bailey, Voorhees, Woods & Bottum*, of Sioux Falls, for Respondent.

POLLEY, J.  Plaintiff brought this action for the recovery of damages alleged to have been caused by the collision of an automobile in which she was riding, with defendant's truck.  The case was tried to a jury.  At the conclusion of plaintiff's evidence and again at the conclusion of all the evidence, the defendant moved for a directed verdict.  These motions were denied and the case was submittd to the jury.  The jury returned a verdict in a substantial amount for the plaintiff, but before judgment was entered thereon, the defendant moved for judgment notwithstanding the verdict.  This motion was granted; the verdict was set aside and the court made findings of fact and conclusions of law favorable to the defendant and dismissed the action.  From this judgment and an order denying plaintiff's motion for a new trial, plaintiff appeals.

The accident causing the alleged damages took place about 11 miles west of Sioux Falls on highway No. 16, at about 10 o'clock on the evening of the 1st day of May, 1936.  Plaintiff was riding in an automobile driven by her husband, Sam Christensen.  They were traveling east.  Defendant's truck was ahead of plaintiff's automobile and was headed east.

Christensen testified that he was traveling at the rate of 25 to 30 miles per hour; that he saw the lights on the rear of the

truck when he was about 20 rods from it; that he immediately removed his foot from the gas feed and his car slowed down to 15 to 20 miles per hour; that when he was within 20 to 30 feet from the truck he discovered it was standing still. He said his brakes were in good condition and that had he applied his brakes he could have stopped his car before it reached the truck; that he did not apply his brakes, but attempted to turn to the left and drive around the truck; that he had plenty of clear space on the pavement to drive along the left side of the truck; that he did not turn to the left as sharply as he should have done and his car struck the left rear corner of the truck. Both Christensen and his wife, the plaintiff, were severely injured.

It is the contention of the plaintiff that the truck was parked on the south half of the pavement and that no flares had been placed in front, or in the rear, of the truck as is required by law. Chapter 251, Laws 1929, and chapter 155, Laws 1935. In view of the evidence and the instructions of the court, the jury by its verdict found that the truck was standing still at the time of the accident. We assume defendant was negligent in parking his truck in the driveway without putting out flares as is required by law; we assume that Christensen also was negligent in operating his car when he ran against the truck.

Plaintiff had very defective eyesight, but testified that she could see lights on an automobile in the nighttime at a considerable distance; that she could distinguish red lights from green lights; but she had never driven an automobile and knew nothing about the operation of automobiles. She testified that on this particular occasion she paid no attention to the operation of the car; she said that she and her husband were talking and that she was not looking out for cars or anything. "I just left that to him. * * * If I had been looking straight ahead I could have seen a red light on the back end of the truck ahead of our automobile * * * half a mile. I probably could not have seen the outline of a truck that far. I think I could have seen it a city block away. I think I could have seen something two city blocks away."

It is the contention of the defendants that, in this failure on the part of plaintiff to pay any attention to the operation of the car in which she was riding, she was guilty of contributory negli-

gence as a matter of law, and is not entitled to recover; and upon these facts the trial court found:

"That plaintiff wholly failed and neglected to keep a lookout for any danger or for defendant's truck at said time and place, and relied entirely upon her husband's exercising proper care for her safety."

And from such finding of fact the court concluded as a matter of law:

"That the plaintiff was guilty of contributory negligence barring all right of recovery herein, because of her failure to exercise due and ordinary care for her own safety in failing to keep a lookout and exercise due vigilance and surrendering all thought for her own safety and relying completely upon her husband, the driver of the automobile in which she was riding."

It is contended by plaintiff that these findings are not supported by the evidence, but in our view it is not material whether plaintiff was guilty of contributory negligence or not, because lack of contributory negligence alone on the part of plaintiff is not sufficient to entitle her to recover. It is necessary to show that negligence on the part of defendant was the proximate cause of the injury. Defendant may have been negligent in stopping his truck on the highway, and in failing to put out flares as required to do by law. Putting out flares is for the purpose only of warning approaching travelers of the obstacle on the road, but in this case Christensen saw the truck itself and knew of its presence on the road so that the flares, had they been there, would have served no useful purpose; nor did their absence in any manner contribute to the accident. Christensen could have stopped and avoided the accident, or he could have turned to the left and passed the truck without injury. He chose to drive around to the left and it was only because of the negligent and careless manner in which he handled his car that the accident occurred.

It appears from the record that the defendants, and the trial court as well, relied largely if not wholly upon what is said in the Ulrikson Case, Ulrikson v. Chicago, M., St. P. & P. R. Co., 64 S. D. 476, 268 N. W. 369, decided by this court, for the position they take in this case.

A review of the Ulrikson Case would serve no useful purpose

here. We do not think it controlling or applicable to the facts in this case. This case should be ruled by what is said in Bruening v. Miller, 57 S. D. 58, 230 N. W. 754, 759. The facts in that case are almost parallel to the facts in this. A traction engine pulling a threshing rig was stalled on a graveled trunk highway. Plaintiff approached the threshing rig from the rear. He saw it from a sufficient distance so he could have stopped his car before reaching it but decided to turn to the left and pass it. He had some 15 feet or more feet of clear space on the driveway along the left side of the threshing rig and the tractor. He passed along the side of the threshing machine, but as he was passing the tractor he met a car coming from the opposite direction. In trying to avoid this car, he collided with the tractor and was also struck by the approaching car. He was severely injured and brought suit against the owner of the threshing rig and tractor to recover for such injuries. This court held that under the circumstances the plaintiff was guilty of contributory negligence and was not entitled to recover regardless of whether the owner of the tractor was negligent or not. In disposing of the case, the Court used the following language:

"Knowing there was an obstruction in the traveled portion of the highway directly in front of him, appellant attempted to pass it at 25 miles per hour without setting his brakes or reducing his speed. When he reached the separator he knew he must pass around it on the left side. He also knew a car might be coming from the opposite direction and, if it did, he must pass between it and the threshing rig. Yet he swung out around the separator without either sounding his horn or reducing the speed of his car so he could stop if a car appeared in front of him.

"We hold both of these acts were contributory negligence in law which prevent appellant's recovery from respondent.

"In this case the most that can be said concerning the threshing rig in the highway is that it did nothing more than furnish a condition by which the injury by the subsequent independent act of a third person occurred. In such a case the existence of the condition is not the proximate cause of the injury."

The same is true in this case. The most that can be said concerning the truck is that it furnished the condition through which by subsequent independent events the injury resulted, but it was

not the proximate cause of the injury. Under the circumstances, we think the trial court was warranted in setting aside the verdict and dismissing the action.

The judgment and order appealed from are affirmed.

All the Judges concur.