WALLACE, Respondent, v. BRENDE, et al, Appellants

(292 N. W. 870.)

(File No. 8298. Opinion filed June 21, 1940.)

**B. O. Stordahl,** of Sioux Falls, for Appellants.

**Tom Kirby,** of Sioux Falls, and **Clair Roddewig,** of Minneapolis, Minn., for Respondent.

RUDOLPH, J.   This action arises out of an automobile accident which resulted in the death of plaintiff's husband. The defendants, Brende and Krogstad, together with one Peterson, had spent some time on a Sunday afternoon at a place described in the evidence as "Midway Station" on highway No. 77 between Dell Rapids and Sioux Falls. While at this station Krogstad and Peterson, who were there before Brende, were playing cards and drinking beer.   Brende came into the station about 8 o'clock and, according to the testimony of Peterson was "half ways intoxicated."   About 9:30 o'clock the three men, Brende, Peterson and Krogstad,

got into Brende's car, which was a coupe, and drove north on highway No. 77 to a corner known as the "Baltic Corner", where there is another filling station. At this station the three men each consumed at least another bottle of beer. After staying at this station about an hour, the three again got into this coupe and with Krogstad driving started to return to the Midway Station. This Midway Station is on the east side of the road. The car in returning to the Midway Station was traveling south. As the three men approached the station, they observed a car coming from the south and Krogstad who was driving proceeded to either stop or almost stop his car to permit this car which was approaching to go by before he attempted to turn across the highway and into the grounds of the Midway Station. Just as Krogstad stopped the car, it was struck in the rear by a truck driven by one Strand. The truck then veered off into the left lane of travel and collided with the car coming from the south, which was driven by plaintiff's husband. In this action the owner and driver of the Brende car and the owner and driver of the truck which collided with the Brende car, are named as defendants. At the trial the owner and driver of the truck failed to appear and the case was defended by Krogstad and Brende. The jury returned a verdict against all defendants, and the defendants Krogstad and Brende have appealed.

Three questions are presented by this record: First, Is the evidence sufficient to sustain a finding of negligence on behalf of the driver of the Brende car? Second, Did the negligence of the driver of the Brende car, if any, concur in causing the accident? And, third, Was Instruction No. 7 given by the trial court to the jury a proper instruction?

■■ The evidence is sufficient upon which the jury might find that the Brende car was being driven at a speed of at least thirty-five miles per hour. Krogstad, the driver of the car, testified that he made no attempt and did not at any time observe whether any vehicle was approaching from the rear. He further testified: "The minute I put on the brakes, the truck hit the car from behind." From this testimony and other testimony in the record, which is

unnecessary to relate, the jury was amply justified in concluding that Krogstad without making any observation to determine whether or not he could stop his car with safety, and while going at a rate of speed of at least thirty-five miles per hour, applied his brakes in such a manner and with such force that it caused the car, which he was driving, to stop with such suddenness that, immediately upon the brakes being applied, it was struck by the truck following from the rear. Section 18, Chapter 251, Laws of 1929 (now SDC 44.0317), provides: "The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety * * * and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section plainly visible to the driver of such other vehicle of the intention to make such movement."

Quite obviously there was a violation of this statute on the part of Krogstad who made no attempt to determine whether he could with safety stop his car on the pavement. Without making such an observation he proceeded to apply his brakes in such a manner that immediately upon their application the car was struck by another vehicle approaching from the rear. Appellant makes some contention that because the Brende car was equipped with tail lights which flashed on with the application of the brakes, there was no violation of this statute and Krogstad was free from any liability for negligence. However, we think it clear that, when brakes are applied in such a manner that immediately upon their application the car is struck by a vehicle following from the rear, the mere fact that the car was equipped with this mechanical appliance does not absolve the driver of the car from negligence. Had this driver made the proper observation, he would have known he could not have stopped his car in the manner in which he did without the probability of some accident or injury occurring, and we are of the opinion that the failure to make this observation under the facts presented constituted negligence. Under the testimony of Krogstad, himself, his car was struck the

minute he applied the brakes. Quite obviously under these circumstances the mechanical appliance with which the car was equipped served no useful purpose. Cf. Ritz v. Cousins Lumber Co., 227 Mo. App. 1167, 59 S. W.2d 1072. Appellants further contend that Krogstad had not stopped his car but was simply reducing its speed. Whether this contention is material we need not decide because Dreesman, who was a passenger in the Wallace car, testified that just as they passed the Midway Station "this one car stopped and the other car turned out."

■ Appellants rely upon the cases of Bruening v. Miller, 57 S. D. 58, 230 N. W. 754, and Christensen v. Krueger, 66 S. D. 66, 278 N. W. 171, in support of a further contention that the negligence of the driver of the Brende car, if established, was not the proximate cause of the accident. However, we are convinced that these two cases are not controlling in the fact situation here presented. In both cited cases the obstruction was stationary on the highway and was observed by the driver of the oncoming car for a considerable distance prior to the accident. It also appeared that the vehicle obstructing the highway presented an obvious existing condition which did not change from the time it was observed by the driver of the oncoming car until the occurrence of the collision or accident. Such is not true in this case. Here the negligent acts of the driver of the Brende car and the driver of the truck were contemporaneous and both acts of negligence were such that without either one the harm would not have been done. Here it appears that the negligent acts of the driver of the Brende car actually concurred in causing the result and did not simply furnish a condition by which the result was made possible through the subsequent independent act of a third person. The distinction is well stated in the case of Johnson v. Mallory, 123 Nebr. 706, 243 N. W. 872. The rule which governs the fact situation now before us is stated by this court in the case of Petteys v. Leith, 62 S. D. 149, 252 N. W. 18, 20, as follows: "Separate acts of negligence occurring contemporaneously may constitute the proximate cause of injury if injury would not have happened in the absence of either."

■ Instruction No. 7 about which appellants complain is in words identical with the said Section 18, Chapter 251, Laws of 1929, heretofore set out in this opinion. Appellants complain of this instruction because it is contended there is no evidence that the Brende car had started "turning from a direct line", and that the inclusion of these words in the instruction was prejudicial to appellants. We think this contention is without any merit. In view of the fact situation presented, the instruction was not misleading and was, in our opinion, entirely proper. The evidence discloses that the acts of the appellant Krogstad in stopping his car in the manner in which it was stopped were for the purpose of allowing him to make the turn into the Midway Station. Whether appellant had in fact actually started to make the turn, or whether the car was simply stopped preparatory thereto, is not material because in either event the statute and rule announced is applicable and certainly there is no reason for this court to believe that the instruction either confused or misled the jury in rendering the verdict.

The judgment and order appealed from are affirmed,

All the Judges concur.