KRUMVIEDA, Appellant, v. HAMMOND, et al, Respondents

(27 N. W.2d 583)

(File No. 8891. Opinion filed May 19, 1947.)

**Bailey, Voorhees, Woods & Fuller** and **J. B. Schultz,** all of Sioux Falls, for plaintiff and Appellant.

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Defendants and Respondents Hammond and Hettich.

**Davenport, Evans & Hurwitz,** of Sioux Falls, and **Morgan & Fuller,** of Mitchell, for defendants and Respondents Porter and Clark.

RUDOLPH, J. Plaintiff, after permission granted, has appealed from an order of the trial court requiring that he proceed separately against certain defendants. The action is to recover damages plaintiff sustained as a result of a series of collisions involving a truck owned by plaintiff and trucks separately owned by two defendants. Plaintiff contends that the liability of the defendants is a joint liability, and that he is entitled to a joint judgment against them. The trial court held that the complaint and certain testimony heard at the hearing on defendants' motion to require a separate proceeding against each defendant, discloses that defendants' liability, if any, is several only and that the liability is not joint.

The facts as stated in the complaint and testified to at the hearing, in the light most favorable to plaintiff, are as follows: Plaintiff, driving an empty stock truck, left Sioux Falls on the evening of February 4, 1946. It was dark, the

pavement was icy and visibility low, not to exceed fifty feet. Plaintiff drove at a speed of ten miles per hour, and as he approached the Skunk Creek bridge, about five miles west of Sioux Falls, he observed lights of an approaching vehicle from the west which was apparently encroaching upon plaintiff's driving portion of the highway. To avoid a collision plaintiff turned to his right, partly off the highway, and as he did so his truck was "sideswiped" by the approaching vehicle, and struck the east end of the north abutment of the bridge. This approching vehicle was another stock truck driven by the defendant Clark as the agent of the defendant Porter. After striking plaintiff's truck, Clark continued east on the highway up the incline leading down to the bridge, and brought his truck to a stop partly off the paved portion of the highway and about seventy-five yards from the point of collision. Plaintiff's truck, following the collision, was about half on and half off the pavement with the front of the truck near the abutment of the bridge. The pavement was twenty feet wide and plaintiff's truck occupied four feet on the north side. Plaintiff tried to back his truck away from the abutment but was unable to do so; he then got out of the truck and observed that the front bumper was bent and was resting against the right front wheel of the truck. He proceeded to try to pull the bumper free from the wheel and while in this process the rear of his truck was struck by the semitrailer truck driven by the defendant Hettich as the agent of defendant Hammond. This collision forced plaintiff's truck ahead for a distance of thirty feet, dragging plaintiff under it, and caused extensive damage to his truck and serious personal injuries. Plaintiff suffered no personal injuries in the first collision and only slight damages to his truck. An interval of two minutes occurred between the two collisions.

For our present purpose it must be conceded that plaintiff was not negligent. The question presented is whether the negligence of these two defendants was such that it created a joint liability whereby each is liable for the entire damage plaintiff suffered to his truck and person.

■■ This court has held that when an injury occurs through the concurrent negligence of two persons, and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident and both are answerable. Chiles v. Rohl, 47 S. D. 580, 201, N. W. 154; Simmons v. Leighton, 60 S. D. 524, 244 N. W. 883; Petteys v. Leith, 62 S. D. 149, 252 N. W. 18; Wallace v. Brende, 67 S. D. 326, 292 N. W. 870. In each of the cited cases the separate acts of negligence occurred contemporaneously, and appellant contends that it is only in such cases that the rule should apply. We do not agree. Where each act of negligence contributes to the same harm or injury which would not have happened in the absence of either, it is a "concurrent" act of negligence within the meaning of the rule announced in the above cases, and whether the separate negligent acts are contemporaneous or successive is immaterial. The rule is stated in Vol. 4, Restatement of the Law, Torts, § 879, as follows: "* * * each of two persons who is independently guilty of tortious conduct which is a substantial factor in causing a harm to another is liable for the entire harm * * *." Commenting on this rule the Restatement says: "This is true where both are simultaneously negligent and also where the act of one either occurs or takes harmful effect after that of the other." Typical of the many cases which support the rule are the following: Thornton v. Eneroth, 177 Wash. 1, 30 P.2d 951; Barkman v. Montague, 297 Mich. 538, 298 N. W. 273; Mason v. Reynolds, 135 Neb. 773, 284 N. W. 257; Gibson v. Bodley, 156 Kan. 338, 133 P.2d 112; Holmberg v. Villaume, 158 Minn. 442, 197 N. W. 849. It appears, therefore that the question is one of proximate cause or casual connecton between defendants' negligence, assuming they were negilgent, and plaintiff's injuries and damage.

The complaint does not allege the extent of the damage resulting to plaintiff's truck from the separate tortious acts of the defendants. If plaintiff sustained damage to his truck as the result of the first occurrence when Clark sideswiped his truck, and such damage is ascertainable, it is clear, we believe, that there is no casual connection between this damage

and the subsequent acts of the defendant Hettich. Whether such damage can be separately recovered in this action where the two are sued jointly, we need not determine. We are satisfied that if there is sufficient here to justify a verdict for a joint liability, for the injury and damage plaintiff sustained following the collision wherein Hettich was involved, the mere fact that plaintiff sustained some ascertainable and separate damage, solely as the result of the first occurrence, would not require separate actions against each, insofar as their liability is joint. The possibility of some separate damage, due solely to the acts of Clark, does not determine whether a cause of action for a joint liability has been stated. Such possibility only raises the question as to the elements of plaintiff's recovery in this action.

We believe plaintiff has stated a cause of action for a joint liability as it relates to the injury and damage sustained following the Hettich collision. It is obvious that there is a casual connection between plaintiff's injuries following the Hettich collision, and the assumed negligence of Hettich. The question is whether there is also a casual connection between Clark's assumed negligence and these injuries. Defendants largely rely upon a series of cases decided by this court wherein it has been held that it is not the proximate cause of an injury to simply furnish a condition through which, by subsequent independent events, the injury results. Pierce v. People's Telephone & Telegraph Co., 47 S. D. 463, 199 N. W. 241; Bruening v. Miller, 57 S. D. 58, 230 N. W. 754; Christensen v. Kruger, 66 S. D. 66, 278 N. W. 171. These cases were distinguished from the fact situation before this court in the case of Wallace v. Brende, supra. It was there pointed out that in each of the cited cases the obstruction was observed by the driver of the oncoming car for a considerable distance prior to the accident; it was an obvious condition, readily seen and actually was seen in ample time to avoid a collision. The instant facts present an entirely different picture from the facts in the cited cases; visibility was limited to fifty feet, the pavement was covered with ice, and plaintiff's truck was stopped at the foot of an incline leading east from the bridge. Under these circumstances

we believe a jury might reasonably find that placing plaintiff's truck in the position it was placed on the night in question amounted to something more than simply furnishing a condition by which no one should be misled, but was in fact a contributing cause to the subsequent events resulting in plaintiff's injury without which the injury would not have happened. We are of the opinion that had plaintiff voluntarily stopped his truck on the night in question at the point that defendant Clark's assumed negligence caused it to be stopped, a jury could reasonably find that plaintiff was negligent and that such negligence was a proximate cause of the subsequent events; that it should have been reasonably anticipated under the conditions then existing that harm might flow from the position of this truck on the highway. The distinction we have tried to point out between the present facts and the facts in those cases wherein this court held that negligent acts only amounted to furnishing a condition and were not the proximate cause of subsequent events is ably pointed out in the Nebraska case of Johnson v. Mallory, 123 Neb. 706, 243 N. W. 872.

Appellant seeks to justify the holding of the trial court on the ground that two minutes elapsed between the two collisions. It is contended that this time element discloses that the two separate negligent acts were independent of each other and each resulted in a separate injury. What the situation would be had an hour elapsed we need not determine, but certainly it is for the jury here to determine whether Clark's assumed negligence started a chain of events which ended in plaintiff's injury, and if so whether this chain was broken by events of the intervening two minutes which interrupted or destroyed any casual connection between Clark's acts and plaintiff's injury.

We conclude that the facts as they now appear are sufficient upon which a jury might find a joint liability and that it was, therefore, error for the court to require that the plaintiff proceed separately against the defendants.

The order appealed from is reversed.

ROBERTS and SMITH, JJ., concur.

SICKEL, P.J., dissents.

POLLEY, J., not sitting.

SICKEL, Presiding Judge (dissenting).

It seems to be generally agreed that: "It. is a general rule that acts of independent tort-feasors, each of which causes some damage, may not be combined to create a joint liability at law for damages." Annotations, 9 A. L. R. 939; 35 A. L. R. 409; 52 Am. Jur., Torts, § 112. To establish joint liability between defendants Clark and Hettich for damages resulting from the two collisions, plaintiff must establish that both defendants were negligent; that their negligence was contemporaneous or concurrent, and that the negligence of both was the proximate cause of the injuries. The test of concurrence is whether a collision would have occurred in the absence of the negligence of either defendant. Chiles v. Rohl, 47 S. D. 580, 201 N. W. 154.

It is obvious that defendant Hettich had no part in the first collision which occurred between plaintiff and Clark, and that Hettich and his employer may not be joined with Clark and his employer in an action to recover the damages resulting from that collision.

In Bruening v. Miller, 57 S. D. 58, 230 N. W. 754, 758, the evidence showed that a threshing rig was standing on the right side of the road; there were sixteen feet of clear road east of it open for traffic, and this court said:

"It was the duty of appellant in approaching and attempting to pass around a known obstruction in the highway to have his car in such control as not to collide with the vehicle he was attempting to pass, or the one he might meet."

On the question of contributory negligence, the court said:

"In this case the most that can be said concerning the threshing rig in the highway is that it did nothing more than furnish a condition by which the injury by the subsequent independent act of a third person occurred. In such a case the existence of the condition is not the proximate cause of the injury."

In the case of Christensen v. Krueger, 66 S. D. 66, 278 N. W. 171, the car in which plaintiff was riding turned out to pass a truck standing on the right lane of the highway.

The car had plenty of clear space on the pavement in which to pass on the left side of the truck. Recovery was denied in the circuit court and on appeal this court affirmed the decision on authority of Bruening v. Miller, supra.

In the case of Wallace v. Brende; 67 S. D. 326, 292 N. W. 870, 872, the evidence clearly showed that the negligence of the drivers of the car and of the truck was contemporaneous. In distinguishing Bruening v. Miller, supra, and Christensen v. Krueger, supra, this court said:

"In both cited cases the obstruction was stationary on the highway and was observed by the driver of the oncoming car for a considerable distance prior to the accident. It also appeared that the vehicle obstructing the highway presented an obvious existing condition which did not change from the time it was observed by the driver of the oncoming car until the occurrence of the collision or accident. Such is not true in this case. Here the negligent acts of the driver of the Brende car and the driver of the truck were contemporaneous and both acts of negligence were such that without either one the harm would not have been done. Here it appears that the negligent acts of the driver of the Brende car actually concurred in causing the result and did not simply furnish a condition by which the result was made possible through the subsequent independent act of a third person."

In this case plaintiff's truck was a stationary obstruction on the highway and its condition did not change from the time it was, or should have been, observed by the defendant Hettich. This condition was not a proximate cause of the collision. The collision resulted from a subsequent independent act of Hettich. If as plaintiff contends Hettich was negligent in failing to stop or pass to the left and thus avoid a collision, such negligence was the proximate cause of the second collision.

On the authority of the cases referred to above, it is my opinion that defendants Clark and Hettich were not joint tort-feasors and that the order granting separate trials should be affirmed.