No. 91-350

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

WILLIAM F. O'CONNOR,

      Plaintiff and Appellant,

v.

DONALD NIGG,

      Defendant and Respondent.

FILED

SEP 2 1 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            David N. Hull, Attorney at Law,
Helena, Montana

      For Respondent:

            Joe Seifert, Gough, Shanahan, Johnson
and Waterman, Helena, Montana

Submitted on Briefs:  December 30, 1991

Decided:  September 21, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff William F. O'Connor brought this action against defendant Donald Nigg alleging that he was injured in an automobile collision which was the proximate result of Nigg's negligence. The District Court granted summary judgment to defendant, dismissing plaintiff's claim. The plaintiff appeals that order of summary judgment. We affirm.

The sole issue on appeal is whether the District Court properly concluded as a matter of law that the defendant's negligence was not the proximate cause of plaintiff's accident and injuries.

On March 21, 1988, Nigg was operating his vehicle in an easterly direction on Interstate Highway 90. At a location approximately three quarters of a mile west of Drummond, Montana, he lost control of his vehicle. The vehicle left the traveled portion of the roadway, overturned, and came to rest in the median area between the westbound and eastbound lanes of travel. No portion of the vehicle remained on or obstructed any portion of the highway. At the time of Nigg's accident, James and Julie Gallagher were following him in another vehicle. They observed the accident and stopped to render assistance. They pulled their vehicle off to the right hand side of the eastbound lanes, near where Nigg left the road. No part of their vehicle was in the traveled portion of the highway, and they turned on their emergency flashers as a warning to oncoming traffic.

2

The Gallaghers comforted Nigg and assisted him into another vehicle which arrived shortly after the accident. That vehicle took Nigg to a nearby town for medical assistance.

Approximately five minutes after Nigg's accident, Roger Cousineau, a member of the Montana Highway Patrol, arrived at the scene. He pulled his vehicle off the highway on the left hand side of the eastbound lanes. No part of his vehicle obstructed the eastbound lanes and he turned on the flashing blue and red light on top of his vehicle to warn oncoming traffic of his presence.

The roadway at the scene of the accident was straight and level. Cousineau estimated that there was visibility to the west for a distance of about one-half mile, and to the east for a distance of approximately one mile. The weather was overcast, but not to the extent that visibility was obscured. There were no other obstructions to a driver's view in either direction on the highway. Furthermore, the roadway was dry.

Approximately five minutes after Cousineau arrived, and while he was continuing his investigation of Nigg's accident, O'Connor approached the accident scene from the west. Cousineau recalls looking over his shoulder and seeing O'Connor's vehicle slowing down as it approached the accident location. He recalls motioning to him to keep going.

Julie Gallagher testified by deposition that in spite of Cousineau's directions to O'Connor, he continued to slow his vehicle while looking back at the accident scene. She testified

3

that if he was not completely stopped, he came close to stopping his vehicle on the highway.

After O'Connor had reached a point shortly beyond where Cousineau's vehicle was parked, he was struck from behind by a vehicle being operated in an easterly direction by Valerie Drapella.

In spite of the flashing lights on the patrol car and the Gallagher vehicle, and in spite of O'Connor's presence in the middle of the eastbound passing lane, Drapella failed to apply her brakes until shortly before the collision, and struck O'Connor at a high rate of speed. Drapella's first remark when Julie Gallagher approached her car was, "Where in the hell did that idiot come from?"

O'Connor filed his complaint on September 29, 1989, alleging that as a proximate result of Nigg's negligence and the accident investigation that followed, he was involved in a motor vehicle collision from which he was injured.

After answering the complaint, Nigg moved for summary judgment on the basis that, if negligent, his negligence was not the proximate cause of plaintiff's injuries.

On May 10, 1991, Nigg's motion for summary judgment was granted. In awarding summary judgment, the District Court reasoned that although Nigg may have been negligent, and his negligence may have been a cause in fact of O'Connor's injury, Nigg's conduct was not the proximate cause of O'Connor's collision or injuries because the intervening act of negligence by Drapella was not foreseeable.

4

The District Court relied on our recent decision regarding proximate cause in *Kitchen Krafters v. Eastside Bank of Montana* (1990), 242 Mont. 155, 789 P.2d 567.

It is plaintiff's position on appeal that based upon our previous decisions on proximate cause there was a factual issue for a jury to determine whether it was reasonably foreseeable that the hazard created by the defendant's original act of negligence could lead to the kind of second collision that occurred in this case. Plaintiff relies on our prior decisions in *Thayer v. Hicks* (1990), 243 Mont. 138, 793 P.2d 784, and *Sizemore v. Montana Power Co.* (1990), 246 Mont. 37, 803 P.2d 629. Plaintiff submitted evidence by affidavit that further harm to other persons is always a concern at an accident scene and contends that that was sufficient to raise an issue of fact to be decided by the jury.

The defendant, on the other hand, contends that in order to establish proximate cause there must be an uninterrupted chain of events and that in this case the negligence of plaintiff and Drapella were new, independent causes as a matter of law. The defendant relies on our prior decision in *Halsey v. Uithof* (1975), 166 Mont. 319, 532 P.2d 686, and decisions from other jurisdictions based on similar or nearly identical fact situations.

We conclude that the outcome in this case is controlled by *Halsey*. In that case, defendant Uithof's westbound truck was stalled on Highway 40 west of Browning, Montana. A second vehicle, which was eastbound, approached the stalled truck and waited for a

5

third vehicle, which was westbound, to go around the truck. While waiting, the second vehicle was struck by a fourth vehicle which was also eastbound. After the collision between the fourth and second vehicles, a fifth vehicle, which was also eastbound, swerved into the westbound lane to avoid the other two vehicles, where it collided with the plaintiff, operating a sixth vehicle in a westerly direction.

The plaintiff sued the defendant, alleging that the presence of his stalled truck caused the plaintiff's ultimate collision. Following a jury verdict for the defendant, the district court granted plaintiff a new trial. We reversed and concluded that the defendant should have been entitled to a directed verdict for the reason that the chain of causation between the defendant's original act of negligence and the plaintiff's collision and damages had been interrupted by the independent, intervening negligence of other persons.

We held that:

> In determining whether the negligence in creating a hazard (the truck stalled on the highway) was a proximate cause of the accident, this test is to be applied: Did the wrongful act, in a natural continuous sequence of events, which might reasonably be expected to follow, produce the injury? If so, it is a concurring proximate cause of the injury even though the later negligent act of another (Walker and McWhirk) cooperated to cause it. On the other hand, if the latter's act of negligence in causing the accident was of such a character as not reasonably to be expected to happen in the natural sequence of events, then such later act of negligence is the independent, intervening cause and therefore the sole proximate cause of the injury. Jimison v. United States, 267 F.Supp. 674; Sumner v. Amacher, 150 Mont. 544, 437 P.2d 630; DeVerniero v. Eby, 159 Mont. 146, 496 P.2d 290; Ford v. Rupple, 161 Mont. 56, 504 P.2d 686; Brandenburger

6

v. Toyota Motor Sales, 162 Mont. 506, 513 P.2d 268; 30 St.Rep. 808.

*Halsey*, 532 P.2d at 328.

In applying the rule of "independent, intervening cause" in that case, we held that under those circumstances the chain of causation between the defendant's act of negligence and the plaintiff's damages had been broken as a matter of law.

We stated:

> Applying *Jimison* here, appellant was not obliged to foresee or anticipate that either Walker or McWhirk would come over the hill at such speeds that they could not stop within the assured clear distance ahead of them. Neither was appellant obliged to foresee that Walker would continue over the hill without braking after seeing the reflector at the top and should have realized there might be trouble on the other side. All of this leads to the conviction that the district court should have granted appellant's motion for a directed verdict at the close of respondent's case-in-chief.

*Halsey*, 532 P.2d at 328.

We find that the only authority presented from other jurisdictions under circumstances similar to the facts in this case supports our conclusion. For example, in *Williams v. Smith* (N.C. 1984), 314 S.E.2d 279, the defendant was involved in a motor vehicle accident which was admittedly caused by his negligence. A police officer who investigated the accident was injured when struck by a third vehicle while directing traffic at the scene. The police officer then sued the defendant. However, the case was dismissed in the superior court by summary judgment. On appeal to the Court of Appeals of North Carolina, that court affirmed summary judgment for the defendant.

7

After citing rules of proximate cause and foreseeability similar to those previously established by this Court in this state (*see Young v. Flathead County* (1988), 232 Mont. 274, 757 P.2d 772; *Kitchen Krafters v. Eastside Bank of Montana* (1990), 242 Mont. 155, 789 P.2d 567; *Thayer v. Hicks* (1990), 243 Mont. 138, 793 P.2d 784), the North Carolina court reached the following conclusion:

> The parties stipulated that the original accident was the result of the negligence of the defendant Ling, and his negligence was its proximate cause. The second collision, which involved plaintiff and the second defendant Smith, took place some twenty to forty-five minutes later while plaintiff was directing traffic. There was no unbroken connection between the negligent act of defendant Ling and plaintiff's injury. The facts do not constitute a continuous succession of events, so linked together as to make a natural whole. Rather, Ling's negligence was too remote and not foreseeable as such to constitute a proximate cause of plaintiff's injury. Plaintiff was injured by an independent act of negligence on the part of defendant Smith, an intervening act which was not itself a consequence of defendant Ling's original negligence, nor under the control of defendant Ling, nor foreseeable by him in the exercise of reasonable prevision. Therefore, plaintiff's injurious consequence must be deemed too remote to constitute the basis of a cause of action against Ling.

*Williams*, 314 S.E.2d at 280.

For similar results under similar circumstances, *see Haworth v. Mosher* (10th Cir. 1968), 395 F.2d 566, and *Lewis v. Esselman* (Mo. 1976), 539 S.W.2d 581.

As in *Halsey*, the defendant in this case was not obliged to foresee or anticipate that the plaintiff would bring his vehicle to a nearly complete stop in the middle of the passing lane on Interstate 90, nor that Valerie Drapella would fail to notice the

8

Gallagher vehicle with its flashing lights, the highway patrol vehicle with its twirling, flashing blue and red light, and the plaintiff's vehicle which was directly in front of her on the highway and had been visible for a distance of one-half to one mile before she struck it. The defendant was not obliged to foresee that someone would arrive at the scene of his accident under those circumstances and be unaware of "where in the hell the idiot that she struck came from."

Under the facts in this case, as applied to our previous case law, the acts of the plaintiff and the person who collided with him were independent, intervening causes of the plaintiff's injury as a matter of law and the defendant was entitled to summary judgment.

The judgment of the District Court is, therefore, affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9

September 21, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


DAVID N. HULL
Attorney at Law
P.O. Box 534
Helena, MT 59624

Joe Seifert, Esq.
GOUGH, SHANAHAN, JOHNSON & WATERMAN, P.C.
P.O. Box 1715
Helena, MT 59624

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _M. Tudor_

Deputy