#27851-r-SLZ
2017 S.D. 17

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DOUGLAS W. HOWARD,                                    Plaintiff and Appellee,

v.

PATRICK C. BENNETT,
Personal Representative of
the Estate of RAYMOND
EARL BENNETT, Deceased,                              Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE HEIDI LINNGREN
Judge

\* \* \* \*

ADAM BRADSKY of
Bradsky, Bradsky & Bradsky, P.C.
Rapid City, South Dakota                              Attorneys for plaintiff
                                                      and appellee.


HEATHER M. LAMMERS BOGARD
Costello, Porter, Hill, Heisterkamp,
  Bushnell & Carpenter, LLP
Rapid City, South Dakota                             Attorneys for defendant
                                                      and appellant.

\* \* \* \*

ARGUED FEBRUARY 15, 2017
OPINION FILED 04/19/17

#27851

ZINTER, Justice

[¶1.] Raymond Bennett failed to negotiate a curve on a highway, drove his motorcycle off the road, and was killed. The Highway Patrol arrived and secured the scene. Approximately an hour and a half later, Douglas Howard rounded the same curve and encountered a vehicle that had come to a complete stop in his lane of travel. Howard applied his brakes, lost control of his motorcycle, and sustained injuries. He later sued Bennett's estate (the Estate), contending that Bennett's negligence in the first accident created a dangerous condition that caused Howard's injuries in the second accident. The Estate moved for summary judgment, contending that Bennett's negligence was not the cause of the second accident. The Estate alleged that the Highway Patrol's scene management was a superseding cause that relieved Bennett of liability. The circuit court denied the motion. We granted the Estate's petition for a discretionary appeal and now reverse.

*Facts and Procedural History*

[¶2.] Because this appeal involves summary judgment, we restate the facts in a light most favorable to Howard, the nonmoving party. *See Zerfas v. AMCO Ins. Co.*, 2015 S.D. 99, ¶ 8, 873 N.W.2d 65, 69. On August 5, 2012, during the Sturgis Motorcycle Rally, Bennett was on his motorcycle traveling east on Highway 44 towards Rapid City. Highway 44 has several curves in that area and a posted speed limit of fifty miles per hour. At approximately 3:00 p.m., Bennett, who was intoxicated, entered a curve at a high rate of speed and drove into the ditch. He was killed in the accident. Neither the motorcycle nor any debris obstructed the highway.

[¶3.] Several Highway Patrol troopers arrived over the next eight minutes to manage the scene and investigate the accident. At 4:00 p.m., Trooper Robert Rybak arrived to perform accident reconstruction. By that time, Bennett's body had been removed, his motorcycle remained at the scene but completely off the highway, and traffic was flowing in both directions. A highway patrol trooper was stationed on a curve east of the scene to alert westbound motorists of the accident, but no trooper was stationed west of the scene.

[¶4.] At 4:39 p.m., Howard was west of the scene on his motorcycle traveling east towards Rapid City. He did not see any warning or indication that there was an accident ahead. After rounding the same curve, which Howard described as a "blind corner," Howard encountered a motorhome that was stopped in his lane of travel. Because there was a vehicle approaching in the oncoming lane, Howard forcefully applied his brakes to avoid colliding with the motorhome. However, he lost control of his motorcycle and was injured.

[¶5.] Howard sued Bennett's estate, alleging that Bennett's negligence in his own accident created a dangerous condition that proximately caused Howard's injuries in the subsequent accident.[1] The Estate moved for summary judgment. Although the Estate conceded that Bennett was negligent in causing his own accident, it argued that Bennett's negligence was not a proximate cause of Howard's injuries. The Estate specifically contended that Bennett was relieved of liability because the Highway Patrol's failure to warn eastbound traffic of the accident was a

---

1. Howard also sued several Highway Patrol troopers in a separate action, alleging that the troopers were negligent in failing to secure the accident scene. Howard voluntarily dismissed that suit without prejudice.

superseding cause.  The circuit court denied the motion, ruling that there were issues of disputed fact for a jury to decide whether Bennett's negligence was a proximate cause of Howard's accident.  We granted the Estate's petition for a discretionary appeal.[2]

### Decision

[¶6.]    The Estate argues that Bennett cannot be liable because Howard's injuries were caused by the negligence of the Highway Patrol troopers who were in charge of securing and managing the accident scene.  More specifically, the Estate contends that the troopers' failure to warn eastbound traffic of the accident site was a superseding cause that relieved Bennett of any liability and that Bennett's negligence merely furnished a condition that led to Howard's injuries.  Howard argues that the circuit court properly denied summary judgment because there is a dispute whether Bennett's negligence, in combination with the Highway Patrol's alleged negligence, was a proximate cause of Howard's injuries, and that such a dispute must be resolved by a jury.[3]

---

2.    We review the grant or denial of summary judgment de novo, with no deference to the circuit court's ruling. *Highmark Fed. Credit Union v. Hunter*, 2012 S.D. 37, ¶ 7, 814 N.W.2d 413, 415.

3.    We have previously observed that:

> When an injury occurs through the concurrent negligence of two persons, and would not have occurred in the absence of either, the negligence of both is the proximate cause of the accident and both are answerable.  Consequently, if the defendant was negligent and such negligence was a proximate cause or a proximate contributing cause of plaintiff's damage, he can recover even though [a third person] was also negligent.

(continued . . .)

[¶7.]      Although Bennett argues that the issue in this case involves the question of duty, the parties' contentions implicate the causation element of negligence law.[4]  More specifically, the parties' contentions relate to proximate cause and superseding cause, which are interrelated concepts.  "Proximate cause is

_____

(. . . continued)
> *Rumbolz v. Wipf*, 82 S.D. 327, 331, 145 N.W.2d 520, 522 (1966) (citations omitted).

4.    The Estate relies on *Zerfas v. AMCO Ins. Co.*, 2015 S.D. 99, 873 N.W.2d 65, to suggest that this case involves a question of duty.  The Estate's reliance on *Zerfas* is misplaced.  In *Zerfas*, this Court refused to recognize a duty to remove a deer carcass from the road when a driver nonnegligently collides with a deer.  We stated that such a duty "would in essence impose strict liability upon all drivers post-impact with wild animals and make them ensurers of the safety of all following travelers."  *Id.* ¶ 16, 873 N.W.2d at 71.  Here, the Estate concedes that Bennett was negligent; i.e., that he breached the "duty to exercise reasonable care under the circumstances," and Howard has not argued that Bennett had some additional legal duty beyond that associated with his accident.  Therefore, the sole question is whether Bennett's conceded negligence proximately caused Howard's injuries.

The Estate also relies on *Braun v. New Hope Township*, 2002 S.D. 67, 646 N.W.2d 737, to support its contention that questions of superseding cause are legal questions of duty.  In *Braun*, we did state that the "intervening/superseding cause analysis questions the extent of the obligation, or duty, of the original actor who was negligent."  *Id.* ¶ 12, 646 N.W.2d at 740.  However, in reciting the rules governing superseding causes, we stated that original wrongdoers are relieved of liability when "the natural and continuous sequence of *causal connection* between the negligent conduct and the injury is interrupted by a new and independent *cause.*"  *Id.* ¶ 10 (emphasis added).  We also recognized that a superseding cause arises because an "intervening force prevents the original actor's antecedent negligence from becoming a *legal cause* in bringing about the harm to another."  *Id.* ¶ 13, 646 N.W.2d at 741 (emphasis added) (citing Restatement (Second) of Torts § 441(2) (Am. Law Inst. 1965)).  The parties have not briefed or requested a resolution of what appears to be facially conflicting statements in *Braun*.  We therefore leave that question for another day.  As we hereafter explain, *see infra* ¶¶ 8-10, this case requires application of the causation rule in *Holmes v. Wegman Oil Co.*, 492 N.W.2d 107, 114 (S.D. 1992): questions of superseding cause are normally questions of fact for the jury—but "[i]t is a question of law for the court . . . where the facts are not in dispute and reasonable minds could not differ."

defined as 'a cause that produces a result in a natural and probable sequence and without which the result would not have occurred. Such cause need not be the only cause of a result. It may act in combination with other causes to produce a result.'" *Hamilton v. Sommers*, 2014 S.D. 76, ¶ 39, 855 N.W.2d 855, 867 (quoting *Peterson v. Issenhuth*, 2014 S.D. 1, ¶ 17, 842 N.W.2d 351, 355-56). However, "[w]hen the natural and continuous sequence of causal connection between the negligent conduct and the injury is interrupted by a new and independent cause, which itself produces the injury, that intervening cause operates to relieve the original wrongdoer of liability." *Braun v. New Hope Twp.*, 2002 S.D. 67, ¶ 10, 646 N.W.2d 737, 740 (emphasis omitted). An intervening cause that cuts off liability is a superseding cause if it "so entirely supersede[s] the operation of the defendant's negligence that it alone, without his negligence contributing thereto, produces the injury." *Id.* (emphasis omitted).

[¶8.] Foreseeability is an issue in both proximate cause and superseding cause analyses. *Hamilton*, 2014 S.D. 76, ¶ 39, 855 N.W.2d at 867 (noting proximate cause requires foreseeable consequences); *Braun*, 2002 S.D. 67, ¶ 16, 646 N.W.2d at 741 (noting that foreseeable intervening causes are not superseding); *Grant v. Matson*, 68 S.D. 402, 405, 3 N.W.2d 118, 119 (1942). Foreseeability is important here because it is an issue controlling the question whether this case must be decided by a jury or whether it may be decided by the court as a matter of law. "[I]n any case where there might be a reasonable difference of opinion as to the foreseeability of a particular risk, the reasonableness of the defendant's conduct with respect to it, or the normal character of an intervening cause, the question is

for the jury." W. Page Keeton et al., *Prosser and Keeton on Torts* § 45, at 321 (5th ed. 1984); *accord Holmes v. Wegman Oil Co.*, 492 N.W.2d 107, 114 (S.D. 1992). But where reasonable minds cannot differ, the question is for the court. *Holmes*, 492 N.W.2d at 114; *see also Braun*, 2002 S.D. 67, ¶ 24, 646 N.W.2d at 743.

[¶9.]      We have treated the issue of proximate cause as a question of fact for the jury in successive accident cases involving contemporaneous acts of negligence, or where there are two or more negligent acts that occur in such a close proximity in time that they may be said to be part of the same unbroken chain of events. *See, e.g., Krumvieda v. Hammond*, 71 S.D. 544, 549, 27 N.W.2d 583, 586 (1947) (stating that the question whether negligent defendant in first collision was liable for injuries suffered by plaintiff in second collision two minutes later was a question for the jury); *Wallace v. Brende*, 67 S.D. 326, 330, 292 N.W. 870, 872-73 (1940) (involving contemporaneous acts of negligence combining to produce injury); *accord Weary v. Holmes*, 672 N.Y.S.2d 565, 566 (N.Y. App. Div. 1998) (holding summary judgment improper because there was a dispute of fact whether defendant's one-vehicle accident proximately caused injuries in accident occurring several minutes later, after police arrived, because "[d]efendant's acts were not so remote in time from plaintiff's injuries 'as to preclude recovery as a matter of law'"). One court, after examining the cases involving successive accidents, observed that decisions finding proximate cause generally involve either an obstruction from the initial accident blocking the roadway or a short time period between the accidents. *Hale v. Brown*, 167 P.3d 362, 365-66 (Kan. Ct. App. 2007) (collecting cases).

[¶10.]     But where a substantial amount of time had elapsed, the initial accident did not obstruct the roadway, the later accident was caused by the distraction of the initial accident or inattention of a later driver, law enforcement had taken control of the scene, or other circumstances occurred such that the subsequent accident was not a probable consequence of the first, courts have concluded that the initial negligent defendant is not liable for injuries suffered in the subsequent accident as a matter of law. *See, e.g., Baumann v. Zhukov*, 802 F.3d 950, 956 (8th Cir. 2015) (stating that initial accident was not the proximate cause of injuries in subsequent accident occurring thirty-four minutes later due to intervening negligence of driver in second accident); *Hale*, 167 P.3d at 367 (stating that a person "whose negligence caused her own car to run completely off the roadway would" not "expect to be liable to someone injured 35 minutes later when a third driver was distracted," because such circumstances would not be sufficiently foreseeable); *O'Connor v. Nigg*, 838 P.2d 422, 425 (Mont. 1992) (holding negligence of driver in initial accident was not the proximate cause of second accident occurring ten minutes later because it was not foreseeable that the plaintiff–driver would stop in the middle of the road and be rear-ended when the road was not obstructed and emergency lights were visible); *Jackson v. Howell's Motor Freight, Inc.*, 485 S.E.2d 895, 900 (N.C. Ct. App. 1997) (holding that driver who negligently knocked down utility pole did not proximately cause plaintiff's injuries when police directed a truck to drive through the scene and the truck caught the overhanging wire, causing the utility pole to fall onto the plaintiff's leg).

[¶11.] All of the foregoing circumstances are present under the undisputed facts of this case. Howard's accident occurred over an hour and a half after Bennett's accident. There is no evidence that Bennett's accident obstructed the highway. The Highway Patrol had secured the scene, and traffic was flowing in both directions. No other accidents had occurred prior to Howard's. Finally, Howard conceded in his own deposition that he believed that the driver of the motorhome was distracted by the initial wreck and was "just gawking at the situation."

[¶12.] Viewing the evidence in a light most favorable to Howard, there can be no reasonable difference of opinion that Howard's accident was not a foreseeable consequence of Bennett's negligence. Therefore, Bennett's negligence was not a proximate cause of Howard's injuries as a matter of law. Bennett's accident was no longer creating a danger that injured Howard;[5] rather, it merely "furnished the condition through which by subsequent independent events the injury resulted." *Christensen v. Krueger*, 66 S.D. 66, 70, 278 N.W. 171, 173 (1938); *accord Leo v. Adams*, 87 S.D. 341, 347, 208 N.W.2d 706, 709 (1973). Because Bennett's negligence was not the proximate cause of Howard's injuries as a matter of law, we reverse and remand with instructions for entry of summary judgment in favor of the Estate.

[¶13.] GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.

---

5. Because we conclude that Bennett's negligence was not a proximate cause of Howard's accident, we need not determine whether the alleged negligence of the Highway Patrol troopers was a superseding cause as a matter of law.